NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0071n.06

No. 17-2125

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Feb 12, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ERIC T. LATHAM, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **Defendant-Appellant.** | ) | **OPINION** |

**BEFORE: NORRIS, DONALD, and BUSH, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Defendant Eric Latham pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Latham appeals his sentence and the district court's denial of his motion to suppress evidence police recovered from the car he was driving.

**I.**

In August 2016, defendant was stopped by law enforcement for driving a vehicle with window tint that was too dark under Michigan law. After police initiated their emergency lights, the pursued vehicle took some time before pulling over. During the traffic stop, officers observed a beer can on the floor and asked defendant to hand it to them through the window. The officer testified that the can was half full and cold to the touch, while defendant contended that the can was empty and not cold. The officer also noticed what appeared to be another beer can by the front passenger's leg. When officers asked defendant to step out of the car, he initially rolled up his windows and refused, though eventually relented. Officers testified that defendant showed signs

of intoxication, including the smell of intoxicant on his breath and glassy eyes, but defendant denied consuming any alcohol and refused all roadside testing. A later blood draw authorized by a warrant determined that defendant had a .149 blood alcohol content.

Once defendant was out of the car, officers handcuffed him and placed him in the back of a patrol car pending further investigation. Part of that investigation included searching the interior of the car defendant was driving. In addition to the half-full beer can defendant handed the officers, the search turned up an unopened can of beer, a previously opened (but capped) bottle of tequila, and a loaded .45 caliber handgun. Based on the record, defendant was arrested for Operating While Under the Influence ("OUI"), in addition to a weapon offense.

Defendant was charged with being a felon in possession of a handgun. His criminal history included four felonies: carrying a concealed weapon (2003), aggravated domestic violence (2005), possession of cocaine (2005), and being a felon in possession of a handgun (2008). The district court rejected defendant's motion to suppress the evidence found in the car, holding that the search was permissible under two exceptions to the Fourth Amendment's search-warrant requirements: search incident to arrest and the automobile exception. Defendant subsequently pleaded guilty, though reserved in his plea agreement the right to challenge the district court's denial of his motion to suppress.

At sentencing, the district court adopted the guidelines range calculated in the presentence report—thirty-seven to forty-six months of imprisonment. After analyzing the § 3553(a) sentencing factors, the district court emphasized that, at the time of the offense, defendant was out on bond for violating the terms of supervised release stemming from a prior felon-in-possession conviction for which he was sentenced to 105 months of imprisonment, and that this was his third

firearm-related offense overall. The court imposed an above-guidelines sentence of sixty months, to be served consecutively to the term of imprisonment for his earlier supervised release violations.

Defendant appeals the denial of his motion to suppress and argues that his sentence was procedurally and substantively unreasonable because the district court (1) considered defendant's need for rehabilitation when it imposed an above-guidelines sentence and (2) imposed the sentence to run consecutively to his sentence for violating the terms of his supervised release.

**II.**

When reviewing a district court's denial of a motion to suppress evidence, we review factual findings for clear error and legal conclusions de novo. *United States v. Pacheco*, 841 F.3d 384, 389 (6th Cir. 2016). In our review, "the evidence must be viewed in a light most likely to support the district court's decision." *Id.* (citing *United States v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008)).

Searches conducted by law enforcement generally require a warrant issued by a judge and supported by probable cause. U.S. Const. amend. IV. However, exceptions to the warrant requirement are well established. *See United States v. Sweeney*, 891 F.3d 232, 235 (6th Cir. 2018) (citing *California v. Carney*, 471 U.S. 386, 390 (1985)). Here, law enforcement searched the automobile without a warrant, but the district court denied defendant's motion to suppress relying on two alternative exceptions: search incident to a lawful arrest and the automobile exception.

The search incident to lawful arrest exception is primarily intended to ensure that a suspect does not have immediate access to weapons or the ability to destroy evidence. *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (citing *Chimel v. Calif.*, 395 U.S. 752, 763 (1969)). As defendant notes, neither of these concerns was present in this case because he was secure in the back of a patrol car. However, the Court in *Gant* went on to hold that "we also conclude that circumstances unique to

the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe *evidence relevant to the crime of arrest* might be found in the vehicle.'" *Id.* at 343 (quoting *Thornton v. United States*, 541 U.S. 615, 632 (2004) (Scalia, J., concurring)) (emphasis added). In that case, police arrested Gant for driving with a suspended license and secured him in the back of a patrol car, in handcuffs. *Id.* at 335. Police then searched his car and discovered cocaine in his jacket located in the back seat of the car. *Id.* The evidence recovered during the warrantless search was suppressed because there were no officer or evidence safety concerns and "police could not expect to find evidence in the passenger compartment of Gant's car" relevant to the suspended-license traffic offense. *Id.* at 344. The Court ultimately held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or* if it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id*. at 351 (emphasis added).

Defendant argues that the search here was improper because (1) there was no reason for officers to believe they would find more evidence in the car, and (2) defendant was not formally under arrest at the time of the search. Neither argument is persuasive. The district court found that defendant handed a cold, half-full beer to police and exhibited signs of intoxication. It was reasonable for officers to believe that the car could contain additional open containers of alcohol or other sources of intoxication, which would be relevant to the original OUI crime of arrest. *See, e.g.*, *United States v. Howton*, 260 F. App'x 813, 816 (6th Cir. 2008) (holding that it is reasonable for officers to believe the vehicle contains additional evidence and search it for additional open containers, drugs, and drug paraphernalia after officers noticed one open beer can during a traffic stop). Further, "a formal custodial arrest need not precede the search as long as the formal arrest follows 'quickly on the heels of the challenged search' and 'the fruits of that search are not

necessary to sustain probable cause to arrest.'" *United States v. McCraney*, 674 F.3d 614, 619 (6th Cir. 2012) (quoting *United States v. Montgomery*, 377 F.3d 582, 586 (6th Cir. 2004)); *see also Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa."); *United States v. Dotson*, 246 F. App'x 897, 903 (6th Cir. 2007) (holding that though the district court was concerned that the search occurred before the defendant's arrest, "so long as [the officer] had probable cause to arrest the defendant, no formal custodial arrest was necessary before a search incident to arrest could occur"); *see also United States v. Williams,* 170 F. App'x 399, 404 (6th Cir. 2006) ("[I]n order to be a legitimate search incident to arrest, the custodial arrest does not necessarily have to take place before the search."); *United States v. Montgomery,* 377 F.3d 582, 586 (6th Cir. 2004) (noting that under *Rawlings,* "the search-incident-to-lawful-arrest rule . . . permits an officer to conduct a full search of an arrestee's person *before* he is placed under lawful custodial arrest . . . .") (internal citation and quotation marks omitted).

Because officers lawfully searched the car under the search-incident-to-arrest warrant exception, the district court did not abuse its discretion when it denied defendant's motion to suppress the firearm that the officers discovered in his car.

**III.**

Defendant appeals his sentence on two grounds. First, defendant argues that his sentence is substantively unreasonable because the district court relied upon an impermissible factor—rehabilitation—when it sentenced him to an above-guidelines sentence. *See Tapia v. United States*, 564 U.S. 319, 335 (2011). Next, defendant claims that his sentence was unreasonable because the district court failed to adequately explain its reason for imposing a sentence consecutive to the

sentence imposed for his supervised release violation, and the district court failed to recognize its discretion to impose a concurrent sentence.

Generally, we apply an abuse of discretion standard when reviewing a sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). When, as here, alleged procedural errors are not preserved at trial, they are reviewed for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). With respect to the alleged *Tapia* error, the parties disagree as to whether the standard of review should be abuse of discretion or plain error. We need not answer this question because no *Tapia* error occurred here.

*A. Alleged* Tapia *Violation*

In *Tapia*, the sentencing court imposed a fifty-one month sentence expressly so that Tapia would be imprisoned long enough to qualify for the Bureau of Prison's Residential Drug Abuse Program. 564 U.S. at 322. The Supreme Court held that the Sentencing Reform Act, 18 U.S.C. § 3552(a), provides that a sentencing court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Id.* at 335. The Court was careful to note that a sentencing court's discussion about "the opportunities for rehabilitation within prison" does not constitute an error, only imposing or lengthening a sentence for the purpose of providing an offender with those opportunities. *Id.* at 334-35.

Defendant's argument hinges on a dubious reading of the district court's written statement of reasons for varying upwards from the guideline sentence:

> Defendant has 2 prior firearms convictions including a 105 month sentence for Felon in Possession. Guideline sentence was inadequate "just punishment" given his priors. Defendant is highly likely to re-offend absent rehabilitation which, to date, has not occurred. Consideration of general deterrence and specific deterrence are of import also.

(R. 77, Statement of Reasons, PageID 547.)

6

Defendant asks us to conclude, based on this statement, that the district court imposed or lengthened his sentence in order to provide "rehabilitation" in violation of *Tapia.* Despite including the word "rehabilitation," the better reading of the statement is that the district court believed that a sentence within guidelines was not appropriate because, in part, such a sentence would not account for defendant's likelihood of recidivism given his history. Fortunately, we need not evaluate this statement in a vacuum. The district court explained its reasoning in detail at the sentencing hearing, and statements at a sentencing hearing are usually afforded greater weight than a written statement of reasons. *See, e.g.*, *United States v. Schock*, 862 F.3d 563, 570 (6th Cir. 2017) (citations omitted).

At sentencing, the district court explained its reasoning this way:

> Pursuant to *Tapia* . . . , the Court recognizes that imprisonment is not suitable for the purpose of promoting correction and rehabilitation.
>
> . . . .
>
> The defendant was on supervised release at the time that this offense was committed. He had several violations during the course of his term of supervised release and indeed, he was out on bond pursuant to this Court's order at the time that he was arrested for this offense. That does not paint a good picture, especially in light of the fact that this is Mr. Latham's third firearm felony, and Mr. Latham is not that old.
>
> I have very significant concerns for protection of the public from further crimes of the defendant, in light of Mr. Latham's criminal history, which involves a total of 12 prior convictions, including a 2007 felon in possession of a firearm conviction in this district, and carrying a concealed weapon felony in state court, and of course, his violations of supervised release. So protection of the public of further crimes of the defendant is a major consideration for the Court to consider, and that is one of the factors why I intend to vary upward from the advisory guideline range.
>
> Mr. Latham needs to be deterred as well. Specific deterrence is another factor for the Court. The last time Mr. Latham was in this court for a federal firearms felony, he received 105 months. Why that wasn't enough to send Mr. Latham the signal that he needed to permanently stay away from firearms is beyond me. If a sentence of 105 months did not deter Mr. Latham from further criminal activity involving firearms, certainly a guideline sentence at 37 to 46 months won't do it. So specific deterrence to Mr. Latham also is a factor for the Court to consider in varying upward from the advisory guideline range.

7

Also, general deterrence of others who might contemplate similar criminal activity. Those who have two prior firearms violations need to understand that they are going to get a significant sentence if they are found once again with a firearm in violation of federal law.

(R. 92, Sentencing Tr., PageID 677-80.) The district court's explanation at sentencing makes clear that any concern about defendant's sentence being imposed or lengthened for rehabilitation is unfounded.

*B. Consecutive Sentence*

Defendant also argues that the district court erred when it decided that defendant's sentence should be served consecutively to the sentence imposed for earlier violations of his supervised release. He asserts that the district court neither explained its reasoning for imposing a consecutive sentence, nor recognized its discretion to impose a concurrent sentence. We disagree.

A district court may impose a consecutive or concurrent sentence when a defendant is serving an undischarged prior sentence. 18 U.S.C. § 3584. When the prior sentence is for a violation of supervised release, the Sentencing Guidelines recommend that any new sentence be consecutive. U.S.S.G. § 5G1.3 cmt. n.4(C) ("[I]n cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked . . . , the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.")

A district court need not "state a specific reason" but generally should make "clear the rationale under which it has imposed the consecutive sentence." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012) (citation and quotation omitted).

Defendant urged the district court to impose a concurrent sentence in his sentencing memorandum and at the sentencing hearing. The court acknowledged considering all those arguments and, with respect to imposing a consecutive sentence, stated:

> The Court recognizes that [defendant] is doing time for the supervised release violations. Those violations . . . are violations of the trust of the Court while the defendant is on supervised release, those are distinct considerations for the Court to consider in relationship to the commission of another federal felony, which in the Court's judgment, requires a separate sentence.

(R.92, Sentencing Tr., PageID 681-82.)

Defendant cites out of context the phrase "requires a separate sentence" as proof that the district court did not consider, or even understand, its discretion to impose a concurrent sentence. The statement taken as a whole, however, confirms that the district court understood and considered its options, and it ultimately agreed with the recommendation of the Sentencing Guidelines that a consecutive sentence was appropriate. The district court satisfied any obligation to articulate its rationale for imposing a consecutive sentence. The sentence imposed by the district court was neither procedurally nor substantively unreasonable.

## IV.

The judgment of the district court is **affirmed**.